### POLAND v. LOVE.

(Circuit Court of Appeals, Eighth Circuit. September 21, 1908.)

No. 2,664.

ASSIGNMENTS—EQUITABLE ASSIGNMENT—BANK CHECK—GARNISHMENT.

The mere giving of a check on an ordinary deposit account in a bank, in the usual course of business, in payment of a past indebtedness, does not amount to an equitable assignment, even though the drawer makes a deposit expressly to cover the check; and a garnishment of the bank, after other deposits have been made and checks given, but before such check has been presented, creates a lien on the deposit superior to the rights of the payee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 90.]

In Error to the United States Court of Appeals in the Indian Territory.

Potter, Bowman & Potter, for plaintiff in error.

W. O. Davis and R. E. Thomason, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and PHILIPS, District Judge.

HOOK, Circuit Judge. This is a controversy over money on deposit in the First National Bank of Ardmore. Love, the defendant in error, claims it by virtue of a garnishment of the bank in an action against the depositor, and Poland, the plaintiff in error, because of a check given him by the depositor about two weeks before, but not presented to the bank for payment until two days after the garnishment. A judgment in favor of Poland, who interpleaded in Love's action, was reversed by the Court of Appeals in the Indian Territory. 5 Ind. T. 202, 82 S. W. 721, 67 L. R. A. 617. At the next trial Love had judgment, it was affirmed by the Court of Appeals, and Poland prosecuted this writ of error.

The common debtor of the two litigants was W. D. Peake. Through one O'Mealey, as manager, he conducted a brokerage and commission business at Ardmore under the name of the Ardmore Stock Exchange, and also as W. D. Peake & Co. When Love's action was begun the Stock Exchange alone was named as defendant in the complaint and in the writ of garnishment, and Poland contends the garnishment is invalid, because the Stock Exchange was not a corporation suable in its corporate name, or the firm name of a partnership, or the trade-name of an individual. But the proof shows it was the trade-name used by Peake's manager in the transaction out of which Love's demand arose and in similar transactions with others, and when the ob-

jection was interposed Love made appropriate amendments, with leave of the trial court, exhibiting the actual situation. Neither Peake, the debtor, nor the bank, as garnishee, appealed from the judgment sustaining the garnishment.

We therefore proceed to Poland's next contention, that by the check given him by Peake's manager and the attendant circumstances there was an equitable assignment to him of the money in the bank, and it was therefore no longer subject to garnishment at the suit of a creditor of the depositor. Reliance is placed on Fourth Street Bank v. Yardley, 165 U. S. 634, 17 Sup. Ct. 439, 41 L. Ed. 855, in which it is held that, whilst an equitable assignment or lien will not arise against a deposit solely by reason of a check drawn against it, yet if, in connection with the delivery of the check, it was the understanding and agreement of the parties that an advance about to be made should be a charge on and be satisfied out of a specified fund, a court of equity will lend its aid to carry the agreement into effect as against the drawer of the check, mere volunteers, and persons charged with notice.

We are of opinion, however, that the case at bar does not fall within the principle there announced. Peake's account, kept by his manager in the bank at Ardmore, was an ordinary customer's account, subject to check. It was the custom not to keep on deposit a large sum of money, and when any considerable demand arose upon settlement with a customer the manager would wire Peake, or Peake's bank, at Ft. Worth, Tex., for a remittance. Upon receipt of a favorable answer, the amount asked for would be credited to the manager's account. When settlement was made with Poland it was found there was due him $364.41. Shortly before this there had been deposited in the bank which was garnished $100 received from another customer, so the manager wired to Ft. Worth and secured credit for an additional $265. Poland was informed of this when his check was given him; but, as already observed, he did not present it for payment until after the bank had been garnished, about two weeks later. In the meantime other deposits were made and other checks given, and when the garnishment writ was served the credit balance was less than the amount of Poland's check. The check was given in an ordinary settlement of a prior transaction. Poland did not extend credit upon the faith of it, or upon the faith of money being placed in the bank, and it does not appear that the bank was advised of the existence of the check until after the garnishment.

The case is the common one of a man fortifying his bank account to stand a check given against it, and the essential features of an equitable assignment are lacking. The mere giving of a check, and its receipt in the ordinary, usual way, does not amount to an equitable assignment; and this is so, even though the check is drawn for the exact amount of the drawer's balance. Shand v. Du Buisson, L. R. 18 Eq. 283.

The judgment is affirmed.