286 So.2d 271 (1973)
Samuel KIPNIS, Petitioner,
v.
William L. TAUB and Tom Ogburn, Respondents.
No. 73-1082.
District Court of Appeal of Florida, Third District.
December 11, 1973.
Kovner, Mannheimer, Greenfield & Cutler and Steven J. Rose, Miami, for petitioner.
Talianoff & Bader, Miami Beach, for respondents.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
We are presented with a petition for certiorari and a cross-petition for certiorari; each petition seeks review of a portion of an order entered by the trial court in a proceeding in garnishment. The cross-petition for certiorari is denied and, in view of our custom of not writing opinions upon denial of petitions for certiorari, the cross-petition will not be discussed further. The petition for certiorari filed by the petitioner, Samuel Kipnis, is granted and a portion of the order hereafter delineated is quashed.
Petitioner Kipnis secured the issuance of a writ of garnishment against the Jefferson National Bank of Miami Beach garnishing the assets of respondent, William L. Taub. Respondent immediately filed a motion to dissolve garnishment and secured an early appointment for hearing thereon. At the hearing, the trial court denied the motion to dissolve garnishment but rendered the writ ineffective as to certain items. The order provided as follows:
* * * * * *
"2. Effective September 5, 1973 the Garnishee, JEFFERSON NATIONAL BANK OF MIAMI BEACH, is authorized and directed to pay checks drawn on the garnished account of WILLIAM L. TAUB bearing a date on or prior to August 17, 1973, which may have been issued to the following named persons in the approximate amounts as set forth after their names.

 A.B. Cheylac $ 2,500.00
 c/o Clair Jourdan
 Claire Jourdan 215.00
 Claire Jourdan 685.00
 Peter Smillie and/or
 Harriet Smith 100.00
 Ron Howie 200.00
 663-5th Ave. Corp. 50.00
 So. Bell T & T 150.00
 New York Telephone Co. 75.00
 Hampshire House 570.00
 Howard Kurman 500.00
 New York Athletic Club 129.31
 Bank of America 650.00
 Master Charge 200.00

"Any of the above checks and all other items bearing a date subsequent to August 17, 1973 shall be returned with directions to redeposit the same within 15 days."

*272 * * * * * *
We know of no statute or rule of law which permits the type of exception here carved into the effectiveness of a writ of garnishment. The respondent Taub has likewise been unable to present us with any authority for this action of the trial court. The rule is that once a bank account has been garnished, the bank is obligated to retain funds of the depositor in obedience to the writ. See Fla. Stat. § 77.06(2), F.S.A. See also Fla. Stat. § 673.3-409, F.S.A. Cf. Poland v. Love, 164 F. 186 (8th Cir.1908).
Accordingly, the court's order dated the fourth day of September and appearing in case # 73-16201 of the Circuit Court of the Eleventh Judicial Circuit, be and same is hereby quashed as to the second paragraph thereof and shall remain in full force and effect as to all other portions thereof.
It is so ordered.