468 So.2d 483 (1985)
BEST-MORRISON PROPERTIES, Appellant,
v.
Frank DENNISON, Appellee.
No. 84-1941.
District Court of Appeal of Florida, Second District.
May 8, 1985.
Joseph M. Fasi, II, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Brian A. Bolves of Taub & Williams, P.A., Tampa, for appellee.
FRANK, Judge.
This appeal concerns a real estate salesman's right to collect a commission directly from the garnishee of a general creditor of the real estate corporation that had employed him. We affirm the trial court's entry of partial final summary judgment in favor of the salesman.
The appellee, Frank Dennison, was a real estate salesman employed by Sun Bay Corporation. Dennison procured a buyer for property owned by WJW, Inc. and listed for sale with Sun Bay. The purchase agreement provided for installment payments to be paid by WJW's purchaser over a five-year period during which time WJW would make annual commission payments to Sun Bay. Upon receipt of each commission check from WJW, Sun Bay would pay Dennison fifty percent of that amount as his portion of the commission.
Prior to the date when Dennison's final commission payment was due, appellant Best-Morrison Properties, the plaintiff below, obtained a judgment against Sun Bay in an amount in excess of $30,000.00. At the moment when judgment was entered against Sun Bay, WJW still owed it commission payments totaling $14,206.07. Best-Morrison sued to garnish WJW's total remaining commission payment in partial satisfaction of its judgment against Sun Bay. Dennison asserted a third-party claim to fifty percent of that commission. After entering summary judgment in favor of Best-Morrison for fifty percent of the commission, the trial court, in a separate partial final summary judgment, held that Dennison was entitled to the remaining fifty percent. Best-Morrison has appealed the partial final summary judgment in favor of Dennison.
The appellant's primary contention is that a real estate salesman is prohibited from maintaining a claim for a commission against any person except his employer, a position seemingly dictated by section 475.42(1)(d), Florida Statutes, which provides in pertinent part that: "[N]o real estate salesman ... shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the cause of action is alleged to have arisen." When Dennison interposed his third party claim to the garnished funds, his employer, Sun Bay, was defunct. As the trial judge correctly observed, a suit *484 against Sun Bay would have yielded nothing for Dennison. At the same time, Dennison was entitled to fifty percent of the monies Best-Morrison garnished from WJW.
This case presents circumstances in which equitable principles weigh heavily in favor of Dennison's claim. It is undisputed that fifty percent of the funds Best-Morrison attempted to retain as a result of the garnishment proceeding rightfully belonged to Dennison. We agree with the observation of the First District Court of Appeal in Ginsberg v. Goldstein, 404 So.2d 1098, 1099 (Fla. 3rd DCA 1981):
In accordance with the basic principle of garnishment that a plaintiff merely stands in the shoes of the judgment debtor, it is universally held that property which is not actually and in "good conscience" deemed to be owned by the debtor may not be secured by the judgment creditor.
Best-Morrison, standing in Sun Bay's shoes, could not equitably and in "good conscience" retain fifty percent of the commission that Sun Bay owed to Dennison notwithstanding that the total amount of the garnished funds was less than the value of the judgment against Sun Bay. Furthermore, because of the statutory impediment created by section 475.42(1)(d), Florida Statutes, Dennison was barred from enforcing Sun Bay's obligation to pay him the earned commission through an action against WJW; thus, Sun Bay in effect had held Dennison's fifty percent of the commission in trust. See Baum v. Pines Realty, Inc., et al., 164 So.2d 517 (Fla. 2d DCA 1964). When the garnishment proceeding was instituted after Sun Bay's demise, Dennison was entitled to maintain an equitable action to recover the amounts due him, and the trial court correctly awarded him a judgment in the amount of the remaining unpaid commission.
Affirmed.
OTT, A.C.J., and LEHAN, J., concur.