In re James R. SIMMONS, Debtor.

**Charles W. GRANT, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 88–595–BKC–3P7. Adv. No. 89–36.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 23, 1990.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Marika Lancaster, Washington, D.C., for defendant.

### MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the defendant's motion to dismiss. A pre-trial hearing was held on June 28, 1989, and upon the memoranda of law submitted, the Court enters this Memorandum Opinion.

### FINDINGS OF FACT

Relief under Chapter 7 of Title 11, United States Code, was ordered in favor of the debtor on March 24, 1988. On March 18, 1988, the debtor filed his federal income tax form 1040 for the tax year 1987. According to the tax return, the debtor overpaid $7,799.02, which he sought to have applied to his 1988 taxes.

This adversary proceeding was filed by the plaintiff/trustee on February 17, 1989, seeking (i) turnover of the $7,799.02 as property of the estate pursuant to 11

U.S.C. § 542, and (ii) avoidance of this overpayment as a fraudulent transfer pursuant to 11 U.S.C. § 548.

Defendant moves the Court to dismiss the adversary proceeding upon the doctrine of sovereign immunity.

### Conclusions of Law

The principal argument of the defendant is that it is protected by virtue of the sovereign immunity of the United States, which it asserts has not been waived. It further contends that none of the provisions of 11 U.S.C. § 106 apply.

Section 106 provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106.

Defendant seeks to rely upon *Hoffman v. Connecticut Income Maint. Dept.,* — U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), for support that the United States is not subject to awards of damages under § 106, by analogy to the 11th Amendment of the United States Constitution. The 11th Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const., Amend. XI.

The defendant's reliance upon *Hoffman* is inapposite. The holding in *Hoffman,* like the 11th amendment, does not apply to the federal government. *Hoffman* simply holds that a state is immune from damage claims of the trustee under the 11th Amendment.

The Supreme Court, interpreting § 106(c) narrowly, held that it should not be read to abrogate the 11th Amendment immunity of the state where the state has not voluntarily consented to a waiver. Important dicta is contained in a statement of plurality which notes that "the language in § 106(c) waives the sovereign immunity of the Federal Government so that the Federal Government is bound by determinations of issues by the bankruptcy courts even when it did not appear and subject itself to the jurisdiction of the court." *Hoffman* at 109 S.Ct. at 2823.

The Court is further persuaded by Justice Stevens' dissenting opinion in which he states that "[i]t is well settled that when the Federal Government waives its sovereign immunity, the scope of that waiver is construed liberally to effect its remedial purposes." *Hoffman* at 109 S.Ct. at 2829, citing *Block v. Neal,* 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983); *U.S. v. Yellow Cab Co.,* 340 U.S. 543, 554–555, 71 S.Ct. 399, 406–407, 95 L.Ed. 523 (1951); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 709, 69 S.Ct. 1457, 1470, 93 L.Ed. 1628 (1949) (Frankfurter, J., dissenting); *Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 59, 64 S.Ct. 873, 879, 88 L.Ed. 1121 (1944) (Frankfurter, J., dissenting).

The bankruptcy court for the Northern District of Illinois used this reasoning in finding that § 106 effectively waived the sovereign immunity of the Internal Revenue Service. *In re Price,* 103 B.R. 989 (Bankr.N.D.Ill.1989). It held the *Hoffman* decision inapplicable to the case where the Service seeks to shield itself from an award under 11 U.S.C. § 362(h) for violation of the automatic stay. *Id.* at 993–995.

The Court agrees with the rationale and analysis of *Price* and holds here that 11 U.S.C. § 106 waives the sovereign immuni-

ty of the Internal Revenue Service in actions under 11 U.S.C. §§ 542 and 548.

Additionally, it would be inequitable to allow the debtor to transfer non-exempt assets of the estate to the defendant, effectively pre-paying future taxes, without the possibility of an adversary proceeding to determine the validity of a trustee's action for turnover or fraudulent conveyance.

A separate order will be entered consistent with this Memorandum Opinion.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

For reasons set forth in the Memorandum Opinion separately entered, it is

ORDERED as follows:

1. Defendant's motion to dismiss is denied.

2. Defendant shall answer the complaint in thirty (30) days.