569 So.2d 502 (1990)
GELCO CORPORATION, N/K/a Gelco Equipment Leasing Company, Appellant,
v.
UNITED NATIONAL BANK, Appellee.
No. 89-2744.
District Court of Appeal of Florida, Third District.
October 16, 1990.
Rehearing Denied December 3, 1990.
*503 Coffey, Aragon, Martin, Burlington & Serota and Michael G. Shannon, Miami, for appellant.
Scharlin, Lanzetta & Cohen and Lewis R. Cohen, Miami, for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
COPE, Judge.
Gelco Corporation appeals an interlocutory order granting United National Bank's motion for partial dissolution of a writ of garnishment. We reverse.
On September 20, 1989, Lazaro Guerra delivered his personal check for $11,000 to United National Bank, in order to settle litigation between Guerra and United. The check was drawn on Guerra's personal account at Centrust Bank, and was presented for payment in the ordinary course.
Meanwhile Gelco Corporation had brought suit against Guerra on an unrelated matter. Gelco obtained a prejudgment writ of garnishment, and on September 26, 1989, served the writ on Centrust. Centrust had not yet made final payment of the $11,000 check. See § 674.213, Fla. Stat. (1989). Centrust halted the posting process, marked the check "refer to maker," and returned the check to United. The parties agree that Centrust followed the appropriate procedure.[1]
United moved for partial dissolution of the writ of garnishment so as to allow payment of the $11,000 check. United contended that the check constituted an assignment of funds within the account, and alternatively that it was equitably entitled to receive priority. The trial court granted the motion. In so doing, the court erred.
First, as a statutory matter, "[a] check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment... ." § 673.409(1), Fla. Stat. (1989). Thus, "once a bank account has been garnished, the bank is obligated to retain funds of the depositor in obedience to the writ." Kipnis v. Taub, 286 So.2d 271, 272 (Fla. 3d DCA 1973) (citations omitted). The fact that a check has been written and delivered to the payee prior to service of the writ of garnishment is not a basis for relief from the writ. Id.
United acknowledges that this is the general rule. United argues, however, that the statute only indicates that the check does not "of itself" operate as an assignment, § 673.409, Fla. Stat. (1989), and that an assignment can be proved by other facts. United relies on the Uniform Commercial *504 Code comment to section 673.409, which states:
1. As under the original sections, a check or other draft does not of itself operate as an assignment in law or equity. The assignment may, however, appear from other facts, and particularly from other agreements, express or implied; and when the intent to assign is clear the check may be the means by which the assignment is effected.
U.C.C. § 3-409, comment 1, 19B Fla. Stat. Ann. 213 (1966).
Based on an affidavit of United's vice chairman, and on Bancroft v. Gables Racing Association, Inc., 116 Fla. 769, 157 So. 500 (1934), United contends that there was a valid assignment of the $11,000. That position is unavailing. First, the affidavit does no more than outline the purpose for which the check was delivered to United. The elements of an assignment were not shown. See Steinbrecher v. Fairfield County Trust Co., 5 Conn. Cir. Ct. 393, 255 A.2d 138, 142 (1968). Guerra retained control over the money in the account after the check was written and, for example, could have stopped payment on the check. There was no assignment of the funds. Second, the Bancroft case, relied on by United, is a pre-Uniform Commercial Code case. The facts of that case are materially different from those presented here. More important, to the extent Bancroft suggests that a draft can, without more, operate as an assignment of a debt or fund, 116 Fla. at 777, 157 So. at 503, it has been superseded by the contrary rule of the Uniform Commercial Code, § 673.409(1), Fla. Stat. (1989), and is no longer good law.[2]
United argues alternatively that it had an equitable interest in Guerra's account and that it was entitled to relief from the writ of garnishment. That position is likewise unavailing. This court has held that "`[m]oney of another deposited by a debtor in his own name cannot be reached by garnishment as the property of such debtor... . [I]n garnishment the equitable title to the property will prevail over the bare legal title... .'" Ginsberg v. Goldstein, 404 So.2d 1098, 1100 (Fla. 3d DCA 1981) (emphasis and citations omitted); see Edward F. Gerace, P.A. v. Hayden, 550 So.2d 1143, 1144 (Fla. 3d DCA 1989); Best-Morrison Properties v. Dennison, 468 So.2d 483 (Fla. 2d DCA 1985). This is not a case, however, in which United's money was deposited in Guerra's name. United's argument that the delivery of Guerra's check created an equitable interest in Guerra's account is merely an alternative way of arguing that the check operated as an assignment. That contention is foreclosed by section 673.409.
We therefore reverse the trial court's order partially dissolving the writ of garnishment and remand with directions to the trial court to enter an order directing United to return the funds to the garnishee, Centrust Bank.
NOTES
[1] Centrust is a mere stakeholder and has no interest in the outcome of the dispute over the disposition of the account proceeds.
[2] Compare Bancroft, 116 Fla. at 777, 157 So. at 503 ("It appears to be well settled that a draft for the whole of a particular specified fund or debt amounts to an assignment of such debt or fund, even without acceptance, if the drawee have notice thereof.") (citation omitted) with § 673.409(1), Fla. Stat. (1989) ("A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.").