In re Frank FERNANDEZ and Sandra Fernandez, Debtors.

UNITED STATES of America, Appellant,

v.

Frank FERNANDEZ and Sandra Fernandez, Appellees.

No. 91–484–CIV–T–17C.
Bankruptcy No. 90–7264–8B3.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 1, 1991.

776

Hildy S. Stern, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellant.

Dennis Jay Levine, Cramer, Haber & McDonald, P.A., Tampa, Fla., for appellees.

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, District Judge.

## ORDER ON APPEAL

This cause is before the Court on appeal from the Order on Debtor's Motion for Order of Contempt in Case No. 90–7264–8B3, entered March 22, 1991, by U.S. Bankruptcy Judge Thomas E. Baynes, Jr. 125 B.R. 317.

## ISSUES

I. Whether the Bankruptcy Court erred in finding that the United States Of America, Internal Revenue Service ("IRS") willfully violated the automatic stay under 11 U.S.C. Section 362?

II. Whether 11 U.S.C. Section 106 contains an express waiver of sovereign immunity, which would allow attorneys' fees to be assessed against the IRS?

III. Whether the Bankruptcy Court was correct in awarding $1,000.00 in attorneys' fees to the debtors pursuant to Section 362(h) for the willful violation of the automatic stay?

## FACTS

Frank and Susan Fernandez (hereinafter Appellees) filed their Chapter 13 petition on July 25, 1990. The Internal Revenue Service (hereinafter Appellant) had previously filed a Notice of Levy (pre-petition levy). On August 6, 1990, the Bankruptcy Court gave notice of the bankruptcy to scheduled creditors, including Appellant. On August 15, 1990, Appellant filed another Notice of Levy (post-petition levy). Appellant admits receiving notice of the filing of the Chapter 13 petition on August 20, 1990, however, such notice was not placed into Appellant's computer until September 10, 1990, because there is three week lag time between the receipt of notice and the dissemination of that notice throughout Appellant's organization.

The employer of appellee, Frank Fernandez, Southwest Florida Water Management District (hereinafter "Swiftmud"), received the post-petition levy September 27, 1990, and forwarded his quarterly paycheck to the appellant. The appellant, contacted by Appellees' counsel on October 3, 1990, set the wheels in motion to release the funds which were returned to the appellees on December 23, 1990. During this time, Appellant filed a proof of claim less the amount of the levy ($420.00) and then filed an amended proof of claim putting the $420.00 back in their claim.

The pre-petition levy affected Appellee's post-petition wages in December 1990. These post-petition wages in the amount of $2,300.00 were being held by another employer of Appellee, the United States and Geodetic survey, for the Appellant. Appellant had not yet obtained possession of those funds. Prior to the hearing in January 1991, Appellees' counsel once again notified Appellant of their post-petition levying, this time because of their pre-petition acts.

Appellee filed a Motion for Order of Contempt on October 26, 1990. On January 11, 1991, the Bankruptcy Court heard oral arguments on the motion. On March 22, 1991 the Bankruptcy granted the motion. In granting the motion the Bankruptcy Court held that the appellant was in violation of the automatic stay, pursuant to Section 362 of the Bankruptcy Code, with respect to the levy issued on Swiftmud and the Geological Survey. The Bankruptcy Court ordered the return of all monies retained pursuant to the levies, plus interest, and awarded the debtors $1,000.00 in attorney's fees pursuant to Section 362(h) of the Bankruptcy Code.

The United States can only be subject to suit without its consent if Congress has expressly waived its sovereign immunity. Appellant alleges that there is no express waiver in the statutory language of the Bankruptcy Code, or in the legislative history, that the United States has waived its sovereign immunity with respect to attorney's fees under Section 362(h). Therefore, Appellant claims the Bankruptcy Court

erred when it awarded the appellees $1,000.00 in attorney's fees for violation of the automatic stay.

Alternatively, Appellant argues that even if it is determined that Congress has expressly waived the sovereign immunity of the United States with respect to attorneys' fees pursuant to Section 362, the amount awarded in this case was in error. Section 362(h) requires that only actual attorney's fees will be granted. Here, the appellant alleges that the fees awarded were arbitrarily determined and not based on a finding of actual attorney's fees incurred.

## STANDARDS OF APPELLATE REVIEW

■ The applicable standards of appellate review are as follows: The burden is on the appellant to show that a finding is clearly erroneous, *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir. 1969), Bankruptcy Rule 8013, and a reversal of a finding is only proper when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Inter–Cities Navigation Corp. v. United States*, 608 F.2d 1079, 1082 (5th Cir.1979); *Matter of Multiponics, Inc.*, 622 F.2d 709, at 713 (5th Cir.1980). Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. However, due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses."

This Court has carefully reviewed the memorandum order of Judge Baynes, as well as the briefs of both parties. Under the standards quoted above, it concludes that the findings of fact found within the order are not clearly erroneous. Further, it is found that the conclusions of law contained in Judge Baynes' order are sound. However, this Court feels that attorneys' fees were incorrectly awarded in that the record contains no proof of actual attorney's fees. Accordingly, the ruling of the Bankruptcy Court is affirmed, but the case is remanded to determine the amount of the attorneys' fees to be made according to the statutory requirements of Section 362(h) of the Bankruptcy Code.

## DISCUSSION

■ The first matter for discussion is whether the Bankruptcy Court correctly ruled Appellant willfully violated the automatic stay provisions of 11 U.S.C. Section 362, providing:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The term "willful" in section 362(h) has been defined to include any intentional and deliberate act done with knowledge that the act is in violation of the automatic stay. *In re Davis*, 74 B.R. 406, 410 (Bankr. N.D.Ohio 1987); *Mewes v. Bankwest of South Dakota*, 58 B.R. 124, 128 (Bankr. D.S.D.1986); *In re Stucka*, 77 B.R. 777, 783 (Bkrtcy.C.D.Cal.1987). Additionally, a violation of the automatic stay is deemed willful when the violating party acts with knowledge of the filing of the bankruptcy petition. *In re Shafer*, 63 B.R. 194 (Bkrtcy.D.Kan.1986); *In re Stucka, supra*, 77 B.R. at 783; *In re Bragg*, 56 B.R. 46, 49 (Bkrtcy.M.D.Ala.1985).

■ In order for the automatic stay to have full effect, positive action on the part of the creditor may be required to halt the continuation of the garnishment. Accordingly the creditor must release the lien within a reasonable period of time after notice of the bankruptcy and failure to do so is a violation of the automatic stay. *In re Carlsen*, 63 B.R. 706, 710 (Bkrtcy. C.D.Cal.1986); *In re Baum*, 15 B.R. 538, 541 (Bankr.E.D.Va.1981). The "reasonable time period" is unique to each case and must be determined on a case by case basis. *In re Carlsen, supra*, 63 B.R. at 710.

■ In the instant case it is apparent that Appellant's actions were a willful violation of the automatic stay. Appellant not

only filed a Notice of Levy post-petition, but also failed to timely release the pre-petition levy. The I.R.S. must be charged with the knowledge of it's agents, and the size and complexity of the I.R.S. does not excuse its disregard for the automatic stay. *In re Price*, 103 B.R. 989, 993 (Bkrtcy. N.D.Ill.1989); *In re Santa Rosa Truck-stop*, 74 B.R. 641, 643 (Bkrtcy.N.D.Fla. 1987); *In re Shafer, supra*, 63 B.R. at 198. According to the above cited case law, this type of action should not be tolerated and the Bankruptcy Court was correct in finding that a willful violation of the automatic stay had occurred.

█ Upon finding a willful violation of the automatic stay the next matter for discussion is whether the Bankruptcy Court was correct in awarding the Appellees attorneys' fees due to Appellant's willful violation of the automatic stay. The relief provided for under 11 U.S.C. Section 362(h) is mandatory. The debtor must only prove that he was injured by a willful violation of the automatic stay. "An award of attorney's fees is appropriate where an initial violation of the stay is followed by Debtor's having to resort to the courts to enforce his rights." *Matter of Davis*, 74 B.R. 406, 411 (Bkrtcy.N.D.Ohio 1987). Appellees have clearly shown they were injured by the Appellant's actions and they were forced to turn to the courts to enforce their rights.

Appellant argues that sovereign immunity precludes the awarding of attorneys' fees under 11 U.S.C. Section 362(h). The waiver of sovereign immunity clause in the Bankruptcy Code is found at 11 U.S.C. Section 106, which provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the state.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

It is commonly known that the doctrine of sovereign immunity bars all lawsuits against the United States government, and its agencies, without its consent. Courts have consistently held that any waiver of sovereign immunity by the United States must be express, not merely implied. *In re Bulson*, 117 B.R. 537, 539 (9th Cir.BAP 1990); *In re Holland*, 70 B.R. 409, 411 (Bkrtcy.S.D.Fla.1987); *In re Cook United, Inc.*, 117 B.R. 301, 305 (Bkrtcy.N.D.Ohio 1990).

█ Any statute that serves to waive the sovereign immunity of the United States must be strictly construed in favor of the sovereign. *In re Inslaw, Inc.*, 76 B.R. 224, 228 (Bkrtcy.D.Dist.Col.1987); *In re Newlin*, 29 B.R. 781, 786 (D.C.1983); *In re Cook United, Inc., supra*, 117 B.R. at 305. But, it is also well settled that when the United States waives its sovereign immunity, the scope of that waiver is construed liberally to effect its purpose. *Block v. Neal*, 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983).

Appellant argues that neither Section 362(h) nor Section 106 of the Bankruptcy Code contains an express intent to waive the United States' sovereign immunity with respect to the awarding of attorneys' fees. This Court disagrees. The provisions of Section 106 provide for a rather broad and express waiver of sovereign immunity. Furthermore, the legislative history of Section 106 clearly shows a congressional intent to waive the sovereign immunity of the United States.

Section 106(a) provides a waiver of sovereign immunity only where a claim against the government is related to "property of the estate" and arises "out of the same

transaction or occurrence out of which [the government's claim] arose." Appellant argues this issue was addressed in *In re Academy Answering Service*, 100 B.R. 327 (N.D.Ohio 1989). That court concluded attorneys' fees were neither property of the estate nor did the debtor's claim for attorneys' fees arise out of the same transaction or occurrence out of which the government's claim arose.

This Court chooses to adopt a different approach. To determine if a debtor's claim for attorneys' fees arises out of the same transaction or occurrence as the government's claim, we must use the "logical relationship" test. A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. *In re Lile*, 96 B.R. 81, 85 (Bkrtcy. S.D.Tex.1989); *In re Bulson*, 117 B.R. 537, 541 (Bkrtcy.D.Alaska 1990). In the present case Appellant's claim arises from the Appellees' failure to pay taxes owed. Appellees' claim arises from Appellant's attempt to collect the taxes through post-petition levies. The undersigned believes that both claims revolve around the debtor's unpaid taxes and that under these circumstances the claims are logically related. Since any attorneys' fees that were incurred by Appellees, and not assessed against Appellant, would have to be paid out of property of the estate, this Court feels that the claim for attorneys' fees clearly involved property of the estate.

Although finding a waiver of sovereign immunity under Section 106(a), Section 106(c) provides a broader waiver of sovereign immunity that specifically provides for the awarding of attorneys' fees. Appellant contends that *Hoffman v. Connecticut Income Maintenance Department*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) stands for the proposition that Section 106(c) sovereign immunity waiver permits only declaratory and injunctive relief, rather than monetary relief.

This Court is in agreement with other courts which construe *Hoffman* to be inapplicable in a federal case. The *Hoffman* holding, like the Eleventh Amendment, does not apply to the federal government, only to the states' immunity from damage claims. *In re Simmons*, 110 B.R. 72, 73 (Bkrtcy.M.D.Fla.1990); *In re Price, supra*, 103 B.R. at 994. Section 106(c) provides for a waiver of sovereign immunity with respect to any section of the Bankruptcy Code in which one of the trigger words appear. The legislative history to Section 106(c) reveals that this subsection was added because case law required that an express waiver of sovereign immunity is needed prior to a finding of such waiver by a governmental unit. *In re Lile, supra*, 96 B.R. at 84; 124 Cong.Rec.H11091 (Sept. 28, 1978); S17407 (Oct. 6, 1978), remarks of Rep. Edwards and Sen. DeConcini. Section 362(h), in conjunction with Section 106(c), is an express waiver of sovereign immunity since it contains the trigger word "entities", referred to in Section 106(c).

Appellees have been injured by Appellant's willful violation of the automatic stay pursuant to Section 362(h) and are entitled to an award of their actually incurred reasonable attorneys' fees. The Bankruptcy Court awarded the attorneys' fees' in the instant case without any showing of actual fees incurred.

The Court having reviewed the record in this cause affirms the determinations of the Bankruptcy Judge with respect to the first two issues. It is the determination of the Court that the Bankruptcy Judge erred in the awarding of attorney fees absent any showing of fees actually incurred. Accordingly, it is

ORDERED that the Order on Debtors' Motion for Order of Contempt entered on March 22, 1991, by U.S. Bankruptcy Judge Thomas E. Baynes be affirmed in part and the cause be remanded to award attorneys' fees in compliance with the statutory language of 11 U.S.C. Section 362(h).

DONE AND ORDERED.