## In re BOB HAMILTON REAL ESTATE, INC., Debtor.

## Norm HALLOWAY, Plaintiff,

## v.

## Larry HYMAN, Trustee, Defendant.

**Bankruptcy No. 90–2335–8P7.**

**Adv. No. 91–19.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 30, 1992.

Larry M. Foyle, Tampa, Fla., for plaintiff.

Dennis J. Levine, Tampa, Fla., for defendant.

## ORDER GRANTING AMENDED MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding commenced by Norm Halloway (Plaintiff) against Larry Hyman, Trustee (Trustee) seeking a declaratory judgment that he is entitled to certain commissions received by Bob Hamilton Real Estate, Inc. (Debtor) from the sales of real property. The matter presently under consideration is an Amended Motion For Summary Judgment filed by the Trustee. It is the contention of the Trustee that there are no genuine issues of material fact and therefore this Court may resolve this adversary proceeding as a matter of law. The Court has considered the Motion, together with the record, and finds the undisputed facts relevant to the resolution of this matter to be as follows:

At the time relevant, the Debtor was a real estate broker in the State of Florida. At one time the Debtor and the Plaintiff entered into an independent contractor agreement (Agreement) under which the

Plaintiff agreed in pertinent part "to sell or rent real estate listed with the [Debtor]." Under the terms of the Agreement, the Plaintiff was to receive a certain percentage of the commissions earned from the sales and rental of real estate upon the collection of the commissions. It is undisputed that the Plaintiff procured buyers for at least five parcels of real estate listed by the Debtor. The buyers all entered into real estate contracts with the sellers before March 15, 1990, the date the Debtor filed its Voluntary Petition under Chapter 7 of the Bankruptcy Code. It is undisputed that each of the real estate contracts provided that the entire commission is payable to the Debtor. Each of these sales closed post-petition and thus, the commissions were received by the Debtor post-petition. According to the Plaintiff, his share of the commissions received by the Debtor totals $6,564.21.

Based on these facts, the Plaintiff filed his Amended Complaint for Declaratory Relief seeking a determination that "the broker's sales contract is fully executed, that any receipt of funds by the [Debtor] for his sales person[s] are trust funds or funds held in constructive trust and that the [Plaintiff] as an independent contractor [is] the rightful recipient of said funds less that portion of the sales commission payable to the [Debtor]; and to determine how much money has been obtained by the Trustee that is due and payable to Plaintiff and all sales persons similarly situated." The Trustee then filed his Answer and the Motion For Summary Judgment. It is the Trustee's contention that the Plaintiff is not entitled to any of the commissions received by the Debtor post-petition, but instead merely has an unsecured claim against this estate.

It should be noted at the outset that to the extent the Plaintiff appears to seek relief on behalf of "all sales persons similarly situated," the Plaintiff has not sought the certification of a class pursuant to F.R.B.P. 7023. Therefore, the Court will consider the Complaint only as it relates to the Plaintiff. As it is undisputed that each of the real estate contracts provides that the commission is payable to the Debtor, there is no question that the commissions earned from the five sales are monies due to the Debtor and thus, constitute property of the estate pursuant to 11 U.S.C. § 541(a)(1). Although not very well articulated, it appears that the Plaintiff contends that the Debtor holds the commissions in trust for the Plaintiff, and therefore the Plaintiff's equitable interest in the commissions is excluded from property of the estate by virtue of § 541(d). The Plaintiff fails to cite any law which would justify this conclusion. The Plaintiff's rights arise only out of the independent contractor agreement which does not create a trust relationship between the parties.

The Plaintiff earned his fee pre-petition at the time he located a purchaser ready, willing, and able to buy the property in question on terms acceptable to the seller. *In re Charter Company*, 52 B.R. 267 (Bankr.M.D.Fla.1985). Thus, the Plaintiff's right to payment from the Debtor arose pre-petition. The fact that the commission was paid at a closing that occurred post-petition does not change this result. *See In re Fields, Inc.*, 22 B.R. 861 (S.D.N.Y. 1982). In sum, the Plaintiff has nothing more than an unsecured claim against the Debtor.

For the reasons set forth above, this Court is satisfied that the Amended Motion For Summary Judgment should be granted and the Complaint should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Amended Motion For Summary Judgment is hereby granted, and the Complaint shall be dismissed. A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.