Milton M. ARVAY, Jr., Anndrey C. Earl, Sandra J. Falagan, Barbara A. Feeney, Clare Flinton, Roger D. Fraley, Robert L. Gardner, Margaret J. Graff, Paul G. Hamilton, John Kotkiewicz, Jr., William H. Magill, Marcia R. Minott, Helen A. Pape, Terrence R. Riley, Patti B. Thompson, Constance L. Wilson, James F. Wooldridge, Lila M. Yarberry, and Nancy Ruckert, Appellants,

v.

Larry S. HYMAN, Trustee of the Estate of Bob Hamilton Real Estate, Inc., d/b/a Century 21 Bob Hamilton Real Estate, Appellee.

No. 93–2051–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

April 6, 1995.

See also, 164 B.R. 703.

Marsha G. Rydberg, Rydberg, Goldstein & Bolves, P.A., Tampa, FL, for appellants.

Dennis Jay Levine, Kass Hodges, P.A., Tampa, FL, for appellee.

## ORDER AFFIRMING BANKRUPTCY COURT

KOVACHEVICH, District Judge.

This cause is before this Court on appeal from the final Order on Motion to Dismiss entered on October 12, 1993 by Chief Bankruptcy Judge, Alexander L. Paskay, in favor of Appellees. 138 B.R. 301 (Bankr.M.D.Fla.

1992). Judge Paskay also entered an Order Denying Motion for Rehearing or Reconsideration on October 27, 1993. This Court has jurisdiction pursuant to 28 U.S.C. § 158. The Notice of Appeal was filed November 5, 1993. The Court has for consideration Appellants' Brief (Dkt. No. 5) and Appellee's Brief (Dkt. No. 9).

## STANDARD OF APPELLATE REVIEW

■ This Court functions as an appellate court in reviewing the bankruptcy court's decision. *See* 28 U.S.C. § 158(a), (c). This matter is subject to a review *de novo* because the issues raised on appeal involve the Bankruptcy Judge's conclusions of law. *In re Holywell Corp.,* 913 F.2d 873 (11th Cir.1990); *In re Bicoastal Corp.,* 125 B.R. 658 (M.D.Fla.1991). Findings of fact by the Bankruptcy Court will not be set aside unless clearly erroneous, and Appellant bears the burden of showing that a finding is clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986); *In re Fernandez,* 132 B.R. 775 (M.D.Fla.1991).

## FACTS

The undisputed facts show that Appellee Bob Hamilton Real Estate, Inc. was a licensed Florida Real Estate Broker. The nineteen (19) individuals who brought this appeal were registered Real Estate salespersons associated with the Appellee as independent contractors. In that capacity, Appellants were to receive commissions for certain real estate that each individual Appellant either listed or sold through Appellee Bob Hamilton Real Estate.

On March 15, 1990, Appellee filed the subject Chapter 7 petition. While there are numerous specific transactions concerning each individual Appellant, all claims are based on the same legal theory. In each case, the subject transaction involved a salesperson who brought together a buyer and a seller pre-petition; however, the actual contracts were all closed post-petition.

On May 7, 1993, Appellants filed a Complaint seeking a determination that commissions due and owing them as a result of prepetition real estate contracts, regardless of

the fact they were not closed until post-petition, were not property of the estate pursuant to § 541(d) of the Bankruptcy Code. Appellants allege that Debtor held said commissions in constructive trust for Appellants.

The Bankruptcy Court found that each Appellant's rights as a salesperson arose out of an independent contractor agreement which did not create a trust relationship between the parties, so that no constructive trust was formed. *In re Bob Hamilton Real Estate, Inc.*, 138 B.R. 301 (Bankr.M.D.Fla. 1992); also see *In re Taylor & Campaigne, Inc.*, 149 B.R. 993 (Bankr.M.D.Fla.1993). Instead, the Bankruptcy Court found that, at closing, said commissions were due and payable to the listing Broker (the Debtor in this case) and not the salesperson. *Id.*; also see Florida Statute § 475.42(1)(d). Upon payment, the commissions became property of the estate. In this case, the Bankruptcy Court held that Appellants had nothing more than general unsecured claims against the estate for the subject commissions.

## ISSUE

Whether the Bankruptcy Court erred in finding that the commissions due Appellants were property of the estate, rather than held in constructive trust for Appellants, and not property of the estate.

## DISCUSSION

■ This Court is satisfied that the specific issue raised on appeal has already been resolved in this case by the Bankruptcy Court. See *In re Bob Hamilton Real Estate, Inc.*, 138 B.R. 301 (Bankr.M.D.Fla.1992). Specifically, the Bankruptcy Court held:

> The Plaintiff earned his fee pre-petition at the time he located a purchaser ready, willing, and able to buy the property in question on terms acceptable to the seller. *In re Charter Company*, 52 B.R. 267 (Bankr.M.D.Fla.1985). Thus, the Plaintiff's right to payment from the Debtor arose pre-petition. The fact that the commission was paid at a closing that occurred post-petition does not change this result. See *In re Fields, Inc.*, 22 B.R. 861 (S.D.N.Y.1982). In sum, the Plaintiff has nothing more than an unsecured claim

against the Debtor. *In re Bob Hamilton Real Estate, Inc., supra.*

Since *In re Bob Hamilton Real Estate, Inc.*, 138 B.R. 301 (Bankr.M.D.Fla.1992) dealt with the same Debtor, the same factual situation and the same specific issue of law, this Court is satisfied that the law of the case as to this specific issue has already been established. *Id.* Appellant has failed to show that Bankruptcy Court's holding was clearly erroneous or that any reason exists for this Court to stray from that holding. Accordingly, this Court sees no reason to depart from the law of the case regarding this issue, as established in *In re Bob Hamilton Real Estate, Inc.*, 138 B.R. 301 (Bankr. M.D.Fla.1992).

The Court further notes that this specific issue has been addressed in this District in a factually similar case. In *In re Taylor & Campaigne, Inc.*, 149 B.R. 993 (Bankr. M.D.Fla.1993), the Bankruptcy Court held that similar commissions resulting from pre-petition contracts were property of the estate. This Court affirmed that Order, based, in part, on the authority of *In re Bob Hamilton Real Estate, Inc.* See *In re Taylor & Campaigne, Inc.*, 157 B.R. 493 (M.D.Fla. 1993). Both Appellant and Appellee agree that the *In re Taylor* case is determinative as to the instant case. (Dkt. Nos. 5 & 9).

At the time Appellant filed the instant cause, this Court's order from *In re Taylor & Campaigne, Inc.*, 157 B.R. 493 (M.D.Fla. 1993) was pending on appeal in the United States Court of Appeals for the Eleventh Circuit. However, in an unpublished Order, the Eleventh Circuit has affirmed *per curiam* this Court's Order on April 20, 1994 (Case No. 93–3161).

Appellant's attempt to predicate error based on the case of *Best–Morrison Properties v. Dennison*, 468 So.2d 483 (Fla 2nd DCA 1985) is misplaced. While *Best–Morrison* involved similar commissions, that case is clearly distinguishable in that the underlying factual situation arose in an equity context, not in a Bankruptcy context. As such, the equitable remedy fashioned by the Florida Second District Court of Appeals in *Best–Morrison* does not control this case. The

Bankruptcy Court has previously considered the application of *Best–Morrison* to the specific issue on appeal, but summarily dismissed it, holding that no constructive trust existed. See *In re Taylor & Campaigne, Inc.*, 149 B.R. 993 (Bankr.M.D.Fla.1993).

### CONCLUSION

Therefore, this Court, having carefully considered the issue on appeal and the Briefs filed by the parties, agrees with the holding of the Bankruptcy Court. This Court finds that the Bankruptcy Court did not err in holding that the subject commissions were part of the Debtor's estate and that Appellants have nothing more than an unsecured claim against the Debtor. Accordingly, it is,

**ORDERED** that the decision of the United States Bankruptcy Court for the Middle District of Florida granting the Motion to Dismiss is **affirmed.** The Clerk of Court shall file a final judgment of dismissal in favor of Appellee.

**DONE AND ORDERED.**